**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MCDANIELS,<br><br>           Petitioner - Appellant,<br><br>  v.<br><br>RICHARD J. KIRKLAND, Warden and KRAMER, Warden,<br><br>           Respondents - Appellees. | No. 09-17339<br><br>D.C. No. 4:05-cv-00904-PJH<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

| | |
|---|---|
| KEELON T. JENKINS,<br><br>           Petitioner - Appellant,<br><br>  v.<br><br>MICHAEL S. EVANS,<br><br>           Respondent - Appellee. | No. 11-15030<br><br>D.C. No. 3:05-cv-02003-MHP<br><br><br>MEMORANDUM* |

Appeal from the United States District Court for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted January 17, 2013
Withdrawn April 22, 2013
Resubmitted March 26, 2014
San Francisco, California

Before: WALLACE, FARRIS and BYBEE, Circuit Judges.

McDaniels and Jenkins (Petitioners) appeal from the district courts' judgments denying their separate 28 U.S.C. § 2254 habeas petitions. Petitioners were tried and convicted together in the Alameda County Superior Court of the State of California on a charge of first degree murder, among others. In a separately filed published disposition, we considered their argument that the prosecutor engaged in racial discrimination while selecting the jury. Here we deal with their individual claims that their counsel provided ineffective assistance. We have jurisdiction under 28 U.S.C. § 2253 and, applying de novo review, we affirm.

McDaniels's counsel did not provide ineffective assistance when counsel told a witness that McDaniels wanted her to change her testimony because reasonable jurists could disagree as to whether the outcome of the trial would have been different had counsel not made those statements. *See Harrington v. Richter*, 131 S. Ct. 770, 785–87 (2011).

Jenkins raises an ineffective assistance argument that was not part of his Certificate of Appealability (COA), which we construe as a motion to expand the

2

COA. 9th Cir. R. 22-1(e). So construed, the motion is denied. *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999).

The Court has received a submission from McDaniels dated June 21, 2013. Because McDaniels is represented by counsel, and only counsel may file motions, we decline to entertain this submission.

**AFFIRMED.**